# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, et al., | 1:02cv6530 AWI  DLB |
| | SCHEDULING ORDER (Fed.R.Civ.P 16) |
| Plaintiffs, | Discovery Deadlines: |
| |     Initial Disclosures: February 24, 2006 |
| v. |     Non Expert: August 25, 2006 |
| |     Expert: November 17, 2006 |
| ACTAGRO, LLC, | *Markman* Claims Construction Hearing: |
| |     May 16, 2006, at 9:00 a.m. |
| Defendant. | Non-Dispositive Motion Deadlines: |
| |     Filing: December 15, 2006 |
| |     Hearing: January 12, 2007 |
| | Dispositive Motion Deadlines: |
| |     Filing: December 15, 2006 |
| |     Hearing: January 15, 2007 |
| | Settlement Conference: |
| |     March 1, 2006, at 10:00 a.m. |
| | Pre-Trial Conference: |
| |     March 2, 2007, at 8:30 a.m. |
| |     Courtroom 2 |
| | Trial:  April 17, 2007, at 9:00 a.m. |
| |     Courtroom 2, JT:  5 days |

**I.**  **Date of Scheduling Conference**

January 24, 2006.

1

**II.    Appearances of Counsel**

Mark D. Miller appeared on behalf of Plaintiff(s).

Alan L. Unikel appeared on behalf of Defendant(s).

**III.   The Pleadings**

   A.   Summary of the Pleadings

   **Plaintiffs' / Counterdefendant's Contentions**.

This is an action for patent infringement, which includes a counterclaim alleging invalidity of the patent-in-suit. Biagro is the exclusive licensee of the patent-in-suit, U.S. Patent No. 5,514,200 ("the '200 Patent") issued on May 7, 1996, to The Regents as the assignee of inventor Carol J. Lovatt for an invention entitled: "A Novel Formulation of Phosphorous Fertilizer For Plants." On July 8, 1997, a Reexamination Certificate was issued to the '200 Patent with no amendments.

In this action, plaintiffs allege that Actagro has, since the date of issuance of the '200 Patent, willfully infringed, contributorily infringed, and/or actively induced infringement of claims 1 and 13 of the '200 Patent in violation of 35 U.S.C. §271 by making, using, inducing others to use, offering for sale and/or selling a fertilizer product known as Resist 0-21-18 ("the Accused Product") throughout the State of California, both within and outside this judicial district, without authority to do so.

Plaintiffs seek injunctive relief and damages for Actagro's continuing infringement of the '200 Patent. Plaintiffs also seek treble damages pursuant to 35 U.S.C. § 284, reasonable attorney fees and costs, including expert witness fees and costs pursuant to 35 U.S.C. § 285, and pre- and post-judgment interest.

   **Defendant / Counterclaimant's Contentions**

Actagro denies all claims in plaintiffs' complaint for patent infringement, and has asserted a counter-claim against plaintiffs for declaratory judgment re: patent non-infringement and invalidity. Actagro contends that the '200 Patent is invalid, and that

Actagro has not and does not infringe the '200 Patent.

        Actagro seeks a judicial declaration that the '200 Patent is not in any manner infringed by the Accused Product and that the '200 Patent is invalid.

    B.    Orders Re Amendment of Pleadings

        Any amendments shall be filed within 15 days.

**IV.    Factual Summary**

    A.    Admitted Facts which are deemed proven without further proceedings:

        1.    This is an action by The Regents and Biagro for patent infringement arising under the patent laws of the United States, Title 35 United States Code; it is also an action by Actagro for a declaratory judgment of patent invalidity and non-infringement.

        2.    The Regents is a California corporation with its statewide administrative offices in Oakland, California.

        3.    Biagro is a California corporation with its principal place of business in Visalia, California.

        4.    Actagro is a California limited liability company doing business at 4516 N. Howard, Kerman, California 93630

        5.    The '200 Patent was reexamined by the U.S. Patent and Trademark Office, and a Reexamination Certificate was issued on July 8, 1997.

    B.    Contested Facts:

Virtually all other facts appear to be contested, including the following:

        1.    Whether the Resist 0-21-18 product infringes the '200 patent.

        2.    Whether the '200 Patent is valid.

        3.    Whether Actagro has had actual knowledge of the '200 patent since August 22, 2001.

    4.  Whether and to what extent Actagro is engaged in the manufacture, use, sale and/or offering for sale in this district products under the designation "Resist 0-21-18."

    5.  Whether the Resist 0-21-18 fertilizer product contains 2.5% organic acids.

**V.**  **Legal Issues**

  A.  Uncontested:

    1.  Jurisdiction

    2.  Venue

  B.  Contested:

  All other legal issues should be considered disputed, including but not limited to the following:

    1.  The interpretation of the Claims of the '200 Patent.

    2.  Whether the Resist 0-21-18 product infringes the '200 patent.

    3.  Whether the '200 patent is valid.

**Discovery Plan and Cut-Off Date**

  The parties are ordered to exchange the initial disclosures required by Fed .R. Civ. P. 26(a)(1) on or before February 24, 2006.

  The parties are ordered to complete all discovery pertaining to non-experts on or before August 25, 2006, and all discovery pertaining to experts on or before November 17, 2006.

  The parties are directed to disclose all expert witnesses, in writing, on or before September 29, 2006, and to disclose all supplemental experts on or before October 13, 2006. The written designation of experts shall **be made pursuant to Fed. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder.** Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

4

The provisions of Fed. R. Civ. P. 26(b)(4) and (5) shall apply to all discovery relating to experts and their opinions. Experts must be fully prepared to be examined on all subjects and opinions included in the designation. Failure to comply will result in the imposition of sanctions, which may include striking the expert designation and preclusion of expert testimony.

**VI.     *Markman* Hearing**

    A.    A *Markman* claims construction hearing shall take place on May 16, 2006, or as soon thereafter as the Court will schedule it. The parties anticipate that the *Markman* hearing should take no longer than 1 court day. The parties have agreed to the following claims construction schedule:

        1.    Within 7 days of the Court's ruling on the *Markman* hearing plaintiffs shall serve on defendant a chart which

            a.    identifies each asserted claim of U.S. Patent No. 5,514,200;

            b.    specifically identifies each accused product or method;

            c.    identifies where each element of each asserted claim is found within each accused product or method;

            d.    states whether infringement is alleged literally or under the doctrine of equivalents; and

            e.    gives the priority date to which the patent claim is allegedly entitled.

        2.    Within 7 days of the Court's ruling on the *Markman* hearing Actagro shall serve on plaintiffs the following preliminary invalidity contentions:

            a.    The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of

origin, and date of issue. Each prior art publication shall be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent application(s).

    b.    Whether each item of prior art anticipates each asserted claim or renders it obvious. If a combination of items of prior art allegedly makes a claim obvious, each such combination, and the motivation to combine such items, must be identified.

    c.    A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6) , the identity of the

structure(s), act(s), or material(s) in each item of prior art that performs the claimed function. (iv) Any ground of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

3. On February 17, 2006, each party shall simultaneously exchange a list of claim terms, phrases, or clauses which that party contends should be construed by the Court and identify any claim element which that party contends should be governed by 35 U.S.C. § 112(6).

4. On March 13, 2006, each party shall simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause identified by either party for claims construction purposes; and, for each element which any party contends is governed by 35 U.S.C. § 112(6) identify the structure(s) corresponding to that element.

5. The parties shall meet and confer not later than March 21, 2006, to seek agreement as to the construction of each claim term, phrase, or clause identified by either party for claims construction purposes and, if such agreement is reached, to supply a joint stipulation of such construction to the court. Otherwise, the parties agree to the following schedule for a Markman claims construction hearing and pre-hearing briefing:

   a. The parties shall file and serve opening briefs no later than March 31, 2006;

   b. The parties shall file and serve opposition briefs no later

than April 14, 2006;

        c.      The parties shall file and serve reply briefs no later than April 28, 2006;

### VII. Pre-Trial Motion Schedule

All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed no later than December 15, 2006, and heard on or before January 12, 2007. Non-dispositive motions are heard on Fridays at 9:00 a.m., before the Honorable Dennis L. Beck, United States Magistrate Judge in Courtroom 9. **Counsel must comply with Local Rule 37-251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar.**

In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 6-142(d). However, if counsel does not obtain an order shortening time, the notice of motion *must* comply with Local Rule 37-251.

Counsel may appear and argue non-dispositive motions by telephone, providing a written request to so appear is made to the Magistrate Judge's Courtroom Clerk no later than five (5) court days before the noticed hearing date. In the event that more than one attorney requests to appear by telephone then it shall be the obligation of the moving part(ies) to arrange and originate a conference call to the court.

All Dispositive Pre-Trial Motions shall be filed no later than December 15, 2006, and heard no later than January 15, 2007, in Courtroom 2 before the Honorable Anthony W. Ishii, United States District Court Judge. In scheduling such motions, counsel shall comply with **Local Rules 78-230 and 56-260**.

### VIII. Pre-Trial Conference Date

March 2, 2007, at 8:30 a.m. in Courtroom 2 before Judge Ishii.

The parties are ordered to file a **Joint Pretrial Statement pursuant to Local Rule 16-281(a)(2).** The parties are further directed to submit a digital copy of their pretrial

statement in Word Perfect 12[1] format, directly to Judge Ishii's chambers by email at AWIOrders@caed.uscourts.gov.

Counsels' attention is directed to **Rules 16-281 and 16-282 of the Local Rules** of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court will insist upon strict compliance with those rules.

**IX.   Trial Date**

April 17, 2007, at 9:00 a.m. in Courtroom 2 before the Honorable Anthony W. Ishii, United States District Court Judge.

A. This is a jury trial.

B. Counsels' Estimate of Trial Time: 5 days.

C. Counsel's attention is directed to Local Rules of Practice for the Eastern District of California, Rule 16-285.

**X.   Settlement Conference**

A Settlement Conference is scheduled for March 1, 2006, at 10:00 a.m. in Courtroom 9 before the Honorable Dennis L. Beck, U.S. Magistrate Judge.

Unless otherwise permitted in advance by the Court, **the attorneys who will try the case** shall appear at the Settlement Conference **with the parties** and the person or persons having **full authority** to negotiate and settle the case **on any terms**[2] at the conference.

///

---

[1] If WordPerfect 12 is not available to the parties then the latest version of WordPerfect or any other word processing program in general use for IBM compatible personal computers is acceptable.

[2] Insurance carriers, business organizations, and governmental bodies or agencies whose settlement agreements are subject to approval by legislative bodies, executive committees, boards of directors or the like shall be represented by a person or persons who occupy high executive positions in the party organization and who will be directly involved in the process of approval of any settlement offers or agreements. To the extent possible the representative shall have the authority, if he or she deems it appropriate, to settle the action on terms consistent with the opposing party's most recent demand.

CONFIDENTIAL SETTLEMENT CONFERENCE STATEMENT

At least five (5) court days prior to the Settlement Conference the parties shall submit, directly to Judge Beck's chambers by e-mail to DLBOrders@caed.uscourts.gov, a Confidential Settlement Conference Statement.  The statement **should not be filed** with the Clerk of the Court **nor served on any other party,** although the parties may file a Notice of Lodging of Settlement Conference Statement  Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon.

The Confidential Settlement Conference Statement shall include the following:

A.  A brief statement of the facts of the case.

B.  A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

C.  A summary of the proceedings to date.

D.  An estimate of the cost and time to be expended for further discovery, pretrial and trial.

E.  The relief sought.

F.  The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers and demands.

**XI.  Request for Bifurcation, Appointment of Special Master, or other Techniques to Shorten Trial**

Not applicable at this time.

**XII.  Related Matters Pending**

There are no pending related matters.

**XIII.  Compliance with Federal Procedure**

All counsel are expected to familiarize themselves with the Federal Rules of Civil

Procedure and the Local Rules of Practice of the Eastern District of California, and to keep abreast of any amendments thereto. The Court must insist upon compliance with these Rules if it is to efficiently handle its increasing case load and sanctions will be imposed for failure to follow the Rules as provided in both the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California.

**XIV.   Effect of this Order**

The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief requested.

Failure to comply with this order shall result in the imposition of sanctions.

IT IS SO ORDERED.

**Dated:   February 13, 2006**              **/s/ Dennis L. Beck**
9b0hie                                  UNITED STATES MAGISTRATE JUDGE